**DEREK SMITH LAW GROUP, LLP**
Matt E.O. Finkelberg, State Bar No. 329503
Email: matt@dereksmithlaw.com
633 West 5th Street, Suite 3250
Los Angeles, CA 90071
Telephone: (310) 602-6050
Facsimile: (310) 602-6350

Attorney for Plaintiffs,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KEITH JONES,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.; and SEAN WALLACE, individually; and STANLEY PARK AKA SUNGTAE PARK, individually;

Defendants.

**COMPLAINT**

Case No. 20-cv-10317

1. DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT;
2. RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT;
3. DISCRIMINATION UNDER TITLE VII;
4. RETALIATION UNDER TITLE VII;
5. DISCRIMINATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;
6. RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;
7. HARASSMENT AND AIDING AND ABETTING IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ.;
8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

9. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §§ 12940(k);
10. FAILURE TO PROVIDE ACCOMODATION IN VIOLATION OF GOV'T CODE §12490(m)
11. FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §12490(n)

**DEMAND FOR JURY TRIAL**

Plaintiff, Keith Jones, by and through his attorneys, DEREK SMITH LAW GROUP, LLP, hereby complains of Defendants, UNITED PARCEL SERVICE, INC.; SEAN WALLACE, individually; and STANLEY PARK AKA SUNGTAE PARK, individually; upon information and belief, as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action charging that Defendants violated Plaintiff's rights pursuant to, *inter alia*, the American with Disabilities Act of 1990 ("ADA") as amended, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), and the laws of the State of California, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff suffered as a result of being discriminated against and harassed by his employer on the basis of his disability, along with a hostile work environment, retaliation, and wrongful termination.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the ADA and Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under California law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with Plaintiff's federal law claims, and the parties are identical.

5. Around May 29, 2020, Plaintiff submitted a Charge with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the California Department of Fair Employment and Housing ("DFEH"). The EEOC Charge Number is 480-2020-03235C.

6. Around June 1, 2020 Plaintiff received a Right to Sue Letter from the California DFEH.

7. Around August 17, 2020, Plaintiff received a Right to Sue Letter from the EEOC.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Central District of California because as described further herein, a substantial part of the events or omissions giving rise to the claims herein occurred in Los Angeles County, State of California and within the Judicial

District for the Central District of California. Moreover, Plaintiff resides in this District, and DEFENDANTS operate their business in this District.

9. Accordingly, this action properly lies in the Central District of California pursuant to 28 U.S.C. 1391.

## THE PARTIES

10. Plaintiff is seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by Plaintiff's employer on the basis of Plaintiff's disability; and the hostile work environment this discrimination created.

11. At all times material, Plaintiff Keith Jones (hereinafter referred to as "Plaintiff" or "Jones"), was and is an individual man residing in the State of California, City of Glendora.

12. At all times material, DEFENDANT UNITED PARCEL SERVICE, INC. ("UPS") was and is a foreign business corporation incorporated under the laws of the state of Georgia, which does business in the State of California, with their principal place of business located at 55 Glenlake Parkway NE, Atlanta, GA 30328, who held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including the ability to hire and fire Plaintiff.

13. Plaintiff was hired by UPS, to work in pre-load operations around November 20, 2019.

14. At all times material, SEAN WALLACE ("WALLACE") was and is a Supervisor for Defendant UPS, and held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including the ability to hire and fire Plaintiff.

15. At all times material, STANLEY PARK AKA SUNGTAE PARK ("PARK") was and is a Supervisor for Defendant UPS, and held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including the ability to hire and fire Plaintiff.

16. Plaintiff is informed and believes, and based thereon alleges, that each DEFENDANT sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other DEFENDANT, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

17. Under California law, DEFENDANTS are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over Plaintiff. Each DEFENDANT had the power to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and/or conditions of employment, determine Plaintiff's rate of

pay, and maintain Plaintiff's employment records. DEFENDANTS suffer or permit Plaintiff to work and/or "engage" Plaintiff so as to create a common law employment relationship. As joint employers of Plaintiff, DEFENDANTS are jointly and severally liable for all relief available to Plaintiff under the law.

## FACTUAL ALLEGATIONS

18. At all times material, Plaintiff was and is an individual man residing in the State of California, who suffered from heart issues, including the insertion of a stent, coronary heart disease, and angina pectoris.

19. Plaintiff was hired by Defendant UPS around November 5, 2019 to work in pre-load operations at 16301 Trojan Way, La Mirada CA 90638.

20. Since around January of 2019, Plaintiff had complications with his heart and issues with his stent. Plaintiff returned to work with a doctor's note requiring him to be put on light duty. Plaintiff was reasonably accommodated by his Supervisor, Scott Chambers, and Plaintiff became a PD1 tender performing light duty worker for two weeks, until he was released to full duty by his doctor.

21. Around March 5, 2020, Plaintiff was hit and run over by a drunk driver and hospitalized.

22. Plaintiff was placed on medical leave while hospitalized until March 12, 2020 when Plaintiff asked Respondent PARK to return to work.

23. Around March 13, 2020, after Plaintiff asked to return to work, Plaintiff's supervisor, Defendant PARK, texted Plaintiff, "***Good Morning!!! Please take a day off. Thanks***." Plaintiff responded, "Why do this keep happening. I will never get to my 70 days."

24. Plaintiff needed to work 70 days for Respondent UPS in order to join the International Brotherhood of Teamsters.

25. Around March 16, 2020, Defendant PARK texted Plaintiff, "***Good Morning!!! Please take a day off. Thanks.***" Plaintiff responded, "Really Sam. Can you see if there's any other positions available at the same facility. Because I don't want to get laid off."

26. Around March 23, 2020, Plaintiff texted Defendant PARK, "Do you want me to come in tomorrow just checking with you." Defendant PARK responded, "***No just stay home***."

27. Throughout Plaintiff's employment, Respondents UPS and PARK prevented Claimant from working so that Plaintiff will not be able to join the International Brotherhood of Teamsters, in retaliation for taking medical leave after Plaintiff was hit by a car and hospitalized.

28. Defendants UPS and PARK retaliated against Plaintiff for taking medical leave after Plaintiff was hit by a car, by preventing Plaintiff from working the amount of hours needed to join and be protected by the International Brotherhood of Teamsters which Plaintiff had already paid the requisite fees to join.

29. Defendants UPS and PARK disparately treated Plaintiff because of his disability.

30. Defendants UPS and PARK created a hostile work environment and discriminated against Plaintiff due to his disability.

31. Defendants UPS and PARK retaliated against Plaintiff by not allowing him to work and preventing Plaintiff from reaching the hours he needed because Plaintiff took medical leave because of his disability.

32. Around April 22, 2020, Plaintiff had a medical emergency at work, requiring the paramedics to be called. Plaintiff's doctor and Defendant UPS placed Plaintiff on medical leave.

33. While Plaintiff was on medical leave, Defendant WALLACE became Plaintiff's supervisor, around the end of April 2020.

34. Around May 1, 2020, Plaintiff returned to work with a doctor's note requiring a reasonable accommodation and light duty work load.

35. When Plaintiff returned to work around May 1, 2020, Defendant WALLACE told Plaintiff, "***you should resign***." Plaintiff told

Defendant WALLACE that he had no intention of resigning, he wanted to work, and this was a violation of the ADA. In response, Defendant WALLACE stated, "***I don't care***," ***"I don't have time to deal with this,"*** "***we cannot accommodate you,***" and "***you are fired***."

36. Around May 1, 2020, Defendant WALLACE and Defendant UPS fired Plaintiff because of his disability, as well as in retaliation of Plaintiff requesting a reasonable accommodation for his disability.

37. Defendants UPS and Defendant WALLACE utterly failed to reasonably accommodate and engage in the interactive process required by law.

38. Defendants UPS and WALLACE disparately treated Plaintiff because of his disability.

39. Defendants UPS and WALLACE created a hostile work environment and discriminated against Plaintiff due to his disability.

40. Defendants UPS and WALLACE retaliated against Plaintiff because Plaintiff complained of Defendant WALLACE's discriminating conduct and the hostile work environment it created for Plaintiff.

41. Defendants UPS and Defendant WALLACE wrongfully terminated Plaintiff because of Plaintiff's disability, and in retaliation to Plaintiff's complaint of discrimination and failure to accommodate.

42. Defendants failed to reasonably accommodate Plaintiff or engage in an interactive process with Plaintiff; discriminated against Plaintiff because of his disability; subjected Plaintiff to a hostile work environment; wrongfully terminated Plaintiff because of his disability; and wrongfully terminated Plaintiff in retaliation to Plaintiff's complaints of said discrimination to Defendants.

43. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer from anxiety, depression, and severe emotional distress.

44. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

45. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

46. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

47. Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, bonuses, benefits and other compensation, which such employment entails.

Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

48. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

49. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

50. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting conditions as a result of Defendants' discriminatory and retaliatory conduct.

51. Plaintiff further claims actual discharge to the extent Plaintiff is terminated from Plaintiff's position as a result of the unlawful discrimination and retaliation.

52. Plaintiff claims actual discharge and also seeks reinstatement.

53. Plaintiff claims alternatively (in the event Defendant Claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable laws pertaining to Independent Contractors. Furthermore, in such, case, Plaintiff claims that Defendant owed and breached its duty to Plaintiff to prevent the

harassment/discrimination/retaliation and is liable therefore for negligence.

54. Plaintiff claims that Defendants unlawfully discriminated against Plaintiff, retaliated against Plaintiff, and terminated Plaintiff because of Plaintiff's disability, and because Plaintiff complained of the unlawful conduct of Defendants related to the above protected class.

55. The above are just some of the examples of the unlawful discrimination and retaliation to which the Defendants subjected the Plaintiff on a continuous and on-going basis throughout Plaintiff's employment.

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**Not against any individual Defendants**

56. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

57. Plaintiff claims Defendant UPS violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

58. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified

individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

59. Defendant UPS violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as wrongfully terminating, and otherwise discriminating and retaliating against the Plaintiff because of his disability.

60. Defendant UPS violated the above and Plaintiff suffered numerous damages as a result.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
**Not against any individual Defendants**

61. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

62. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

63. Defendant UPS violated the above, as described above in the complaint, and Plaintiff suffered numerous damages as a result.

**<u>THIRD CAUSE OF ACTION</u>**
**FOR DISCRIMINATION UNDER TITLE VII**
**Not against any individual Defendants**

64. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

65. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

66. Defendant UPS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendant.

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**<u>FOURTH CAUSE OF ACTION</u>**
**FOR RETALIATION UNDER TITLE VII**
**Not against any individual Defendants**

68. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

69. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

70. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants, including but not limited to continued discrimination, continued harassment, continued hostile work environment, failure to hire, demotion, and wrongful termination.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AGAINST ALL DEFENDANTS

72. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

73. This cause of action is brought pursuant to CALIFORNIA GOVERNMENT CODE § l2940(a) which prohibits discrimination against a person in terms, conditions or privileges of employment on the basis of disability, and the corresponding regulations of the California Fair Employment and Housing Commission, or its successor.

74. The California Fair Employment and Housing Act (FEHA) protects the right of all persons to seek, obtain, and hold employment without discrimination based on disability. (See California Government Code sections including but not limited to section 12940 (a).

75. At all times herein mentioned, Defendant UPS employed five or more persons, bringing said Defendant employer within the provision of CALIFORNIA GOVERNMENT CODE § 12900 et seq., prohibiting employers or their agents from discriminating against employees on the basis of disability.

76. Plaintiff is a member of a protected class within the meaning of the aforementioned GOVERNMENT CODE sections. At all relevant

times herein, Plaintiff satisfactorily performed his duties and responsibilities as expected by Defendants.

77. Plaintiff has suffered the adverse employment actions and a hostile work environment because of discrimination and harassment based on disability, retaliation, failure to prevent discrimination, harassment and hostile work environment, wrongful termination, and was harmed thereby.

78. Plaintiff alleges that around May 1, 2020, Defendant UPS wrongfully retaliated against Plaintiff, discriminated against Plaintiff, and terminated Plaintiff on the basis of his disability.

79. Plaintiff is informed and believes that his disability was a substantial motivating reason or factor in the decision to subject Plaintiff to adverse employment actions of a hostile work environment, discrimination, retaliation, failure to prevent discrimination, harassment, and wrongful termination.

80. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

81. As a proximate result of Defendants' conduct, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to his damage in an amount in excess of $25,000, the actual amount to be proven at trial.

82. As a further proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to her damage in a sum according to proof.

83. Defendants committed the acts alleged herein maliciously, despicably, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and a conscious disregard of Plaintiffs rights. Plaintiff is thus entitled to recover punitive damages from the Defendants and each of them, in an amount according to proof.

84. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**SIXTH CAUSE OF ACTION**
**FOR RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AGAINST ALL DEFENDANTS**

85. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

86. Defendants violated Calif. Gov. Code §12940, et seq. by retaliating against Plaintiff because he opposed, complained about and protested Defendants' discriminatory conduct.

87. Plaintiff engaged in the protected activities of complaining about and protesting Defendant's discriminatory and harassing conduct towards Plaintiff based upon his disability as set forth hereinabove.

88. Plaintiff is informed and believes and based therein alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent and/or ratification of, or at the direction of, each other Defendant.

89. Plaintiff is informed and believes that his complaints and protestations about Defendants' discriminatory and harassing conduct were motivating reasons and/or factors in the decision to refuse to investigate the discrimination and harassment, the failure to prevent the discrimination and harassment, and the subjection of Plaintiff to adverse employment actions including his wrongful termination.

90. Plaintiff's complaints to Defendants about discrimination and harassment protected by FEHA, Government Code section 12900, et seq., were motivating factors in Defendants' decision to fire Plaintiff and/or to take other adverse employment action, including further discrimination and harassment.

91. Plaintiff complained to Defendants about the discrimination, harassment and hostile work environment he endured and Defendants took no reasonable steps to prevent the discrimination, and nothing was

done to remedy the discrimination Plaintiff endured. Defendants also wrongfully terminated Plaintiff.

92. Plaintiff believes and thereon alleges that Defendants' adverse actions taken against him as set forth herein occurred in retaliation for Plaintiff claiming a heart condition that would have restricted his work activities in the future and for which he sought a legally mandated accommodation. Such retaliatory actions are unlawful, discriminatory and retaliatory in violation of CALIFORNIA GOVERNMENT CODE § 12940 et seq. and have resulted in damages and injury to Plaintiff as alleged herein.

93. Defendants violated the FEHA by retaliating against Plaintiff because he attempted to exercise his protected rights, as set forth hereinabove.

94. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendant,

95. The grossly outrageous, reckless, oppressive, intentional, malicious and bad faith manner in which Defendants engaged in those acts as described in this cause of action entitle Plaintiff to an award of punitive damages against Defendants, in an amount within the

jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

96. The Plaintiff also requests costs and attorney fees, as allowed by FEHA for the Plaintiffs prosecution of this action in reference to the FEHA code violations described herein.

97. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**SEVENTH CAUSE OF ACTION**
**FOR HARASSMENT AND AIDING AND ABETTING**
**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**
**AGAINST ALL DEFENDANTS**

98. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

99. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

100. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

101. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a

hostile work environment against an employee based upon his disability, and for aiding and abetting harassment and retaliation.

102. Defendants' harassing conduct was severe and pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile and abusive.

103. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment, and by discriminating and harassing Plaintiff because of his disability, as set forth hereinabove.

104. The above said acts were perpetrated upon Plaintiff by a managing agent, supervisor, and/or Defendant knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

105. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause in Plaintiff's damages as stated below.

106. The foregoing conduct of Defendants individually, or by and through their managing agents and supervisors, was intended by the Defendants to cause injury to Plaintiff or was despicable conduct carried

on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

107. Pursuant to California Government Code §12965(b), Plaintiff requests a reasonable award of attorney's fees and costs, including expert fees pursuant to the FEHA.

108. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**EIGHTH CAUSE OF ACTION**
**FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS**

109. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

110. The California Fair Employment and Housing Act (FEHA) protects the right of all persons to seek, obtain, and hold employment without discrimination based disability. (Government Code section 12940 (a) et sq.

111. Around May 1, 2020, Plaintiff suffered from medical conditions for which he requested a reasonable accommodation.

112. Around May 1, 2020, Defendants refused to provide accommodation to Plaintiff for his known medical conditions.

113. Around May 1, 2020, Defendants refused to engage in an interactive process to determine a reasonable accommodation for Plaintiff.

114. The FEHA embodies fundamental, substantial, and well established public policies of the State of California. In terminating Plaintiff and treating him disparately based on his disability, Defendants violated the fundamental, substantial, and well established public policies embodied in FEHA.

115. As a direct and proximate result of these Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of these Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

116. As a further direct and proximate result of these Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully

ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

117. In engaging in the conduct alleged herein, these Defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

118. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**NINTH CAUSE OF ACTION**
**FOR FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF Govt. Code §12490(k) AGAINST ALL DEFENDANTS**

119. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

120. At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice

in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

121. During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's protected status (i.e., disability). During the course of Plaintiff's employment, Defendants failed to prevent themselves and their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of Plaintiff's employment, Defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the basis of disability, and/or other protected statuses or protected activities.

122. Defendants knew or should have known about the disability discrimination, harassment, and retaliation of Plaintiff set forth above.

123. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

124. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

125. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

126. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

127. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

128. The conduct of Defendants, including their agents and employees, was done with conscious disregard of Plaintiff's rights, was carried out by authorized agents acting in a deliberate, calloused, and intentional manner in order to injure and damage Plaintiff, which conduct was despicable, egregious and oppressive, and constituted fraud, malice or oppression as defined by Civil Code section 3294. Therefore, Plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of Defendants, in a sum to be proven at trial.

**TENTH CAUSE OF ACTION**
**FOR FAILURE TO PROVIDE ACCOMODATION IN VIOLATION OF GOV'T CODE §12490(m)**
**Not against any individual Defendants**

129. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

130. This cause of action is brought pursuant to CALIFORNIA GOVERNMENT CODE §12940(m) which provides that it is an unlawful employment practice "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee".

131. Around May 1, 2020, at the time that Plaintiff returned to work from his hospitalization and medical leave, he advised Defendant he needed to be reasonably accommodated with a light duty work load. Defendants were aware, or should have been aware, of the restrictions on Plaintiff which would limit his ability to perform his job duties.

132. At such time, Defendants were under a duty to take affirmative steps to offer Plaintiff accommodation, including but not limited to placing Plaintiff on a light duty work load as the doctor's note required.

133. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain substantial loss in past, present and future earnings, career opportunities, bonuses and other

employment benefits, in amounts to be proven at trial. Plaintiff's damages include all consequential, general and special economic damages in amounts to be proven at trial.

134. Defendants' conduct in failing to provide reasonable accommodation was a substantial factor in causing Plaintiff to suffer and continues to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to her damage in a sum according to proof.

135. The foregoing acts of Defendants were oppressive, malicious, and despicable, and Plaintiff is, therefore, entitled to an award of punitive damages against Defendants in an amount to be proven at trial.

**ELEVENTH CAUSE OF ACTION**
**FOR FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §12490(n)**
**Not against any individual Defendants**

136. Plaintiff incorporates by reference and re-alleges the preceding paragraphs, inclusive, as though set forth fully herein.

137. This cause of action is brought pursuant to CALIFORNIA GOVERNMENT CODE § 12940(n) which provides that it is an unlawful employment practice "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable

accommodation by an employee or applicant with a known physical or mental disability of known medical condition".

138. Around May 1, 2020, at the time that Plaintiff returned to work from his hospitalization and medical leave, he advised Defendant he needed to be reasonably accommodated with a light duty work load. Defendants were aware of Plaintiff's medical condition and restrictions.

139. Around May 1, 2020, rather than engage in an interactive process to determine a reasonable accommodation for Plaintiff, including but not limited to giving Plaintiff a light duty work load which was requested in Plaintiff's doctor's note, Defendants unjustifiably terminated Plaintiff.

140. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain substantial loss in past, present and future earnings, career opportunities, bonuses and other employment benefits, in amounts to be proven at trial. Plaintiff's damages include all consequential, general and special economic damages in amounts to be proven at trial.

141. Defendant's conduct in failing to engage in an interactive process was a substantial factor in causing Plaintiff to suffer and continues to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to her damage in a sum according to proof

142. The foregoing acts of Defendant were oppressive, malicious, and despicable, and Plaintiff is, therefore, entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest, declaratory judgment, injunctive relief, and all other damages as are just and proper to remedy DEFENDANT'S unlawful employment practices.

Dated: November 11, 2020

Respectfully Submitted,

**DEREK SMITH LAW GROUP, LLP**
Attorneys for Plaintiffs

By: /s/ *Matt E.O. Finkelberg*
Matt E.O. Finkelberg, Esq.
633 West 5th Street, Suite 3250
Los Angeles, CA 90071
(310) 602-6050

## JURY TRIAL DEMAND

Plaintiffs hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Dated: November 11, 2020

Respectfully Submitted,

**DEREK SMITH LAW GROUP, LLP**
Attorneys for Plaintiff

By: /s/ *Matt E.O. Finkelberg*

Matt E.O. Finkelberg, Esq.
633 West 5th Street, Suite 3250
Los Angeles, CA 90071
(310) 602-6050